UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| DAVID SIEGEL an individual, and | ) | |
| LAURIE SIEGEL, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No._____ |
| | ) | |
| SHAFRITZ AND DINKIN, P.A., | ) | |
| a Florida professional association, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
### JURY DEMAND

1.      Plaintiffs allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Simply put, Defendant sent Plaintiffs two dunning letters within thirty (30) days of one another – both of the aforesaid letters failed to comport with the basic requirements of the FDCPA.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k. Venue in this District is proper because Defendant conducts business in this district, Plaintiffs reside here, and the subject communications were received here.

### PARTIES

1

3.    Plaintiff DAVID SIEGEL and Plaintiff LAURIE SIEGEL (collectively, "Plaintiffs"), are natural persons, who at all times relevant herein were residents of Broward County, Florida.

4.    Plaintiffs are *consumers* within the meaning of 15 U.S.C. § 1692a(3).

5.    Defendant, Shafritz and Dinkin, P.A. ("Defendant"), is a Florida professional association whose principal address is 551 SE 8th Street, Fourth Floor, Delray Beach, Florida 33483.

6.    Defendant, a law firm, "regularly," *through litigation*, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).

7.    Even according to Defendant's website, Shafritz and Dinkin, P.A. is identified as a "law firm involved in debt collection"; tellingly, Defendant utilizes the internet address: <http://collectionslawfirm.com>.

## FACTUAL ALLEGATIONS

8.    This action arises from Defendant's attempts to collect a debt within the meaning of 15 U.S.C. § 1692a(5).

9.    The alleged debt Defendant sought to collect arises from a supposed arrearage to Plaintiffs' residential association (i.e., alleged unpaid maintenance and/or assessment fees due Heron Bay Community Association, Inc. in the amount of $8,053.30 dollars).

10.     In an attempt to collect the alleged debt, the Defendant sent Plaintiffs a dunning letter; this correspondence was the first communication with Plaintiffs in regard to the alleged debt.

11.     A copy of the subject letter(s) is attached hereto as **Exhibit A**.

12.     Federal Courts have held that dunning letters which seek to collect an arrearage to a residential association may fall under the purview of the FDCPA. *See generally, Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002) (holding that law firm and attorney which regularly collected delinquent maintenance fees and assessments were "debt collectors" pursuant to the FDCPA).

13.     In attempting to collect said debt, Defendant sent at least two separate communications to Plaintiffs, each purporting to be an *initial communication* within the meaning of the FDCPA, and each notifying Plaintiffs that they had thirty (30) days *from receipt of the notice* in which to dispute the debt.

14.     The two separate communications were received by Plaintiffs approximately one week apart, thereby establishing two different thirty (30) day time frames in which to dispute the alleged debt.

15.     Additionally, each of the aforesaid letters was dated on *April 28, 2014*; however, the letters at issue only calculate the debt as of *April 20, 2014*. Adding to the uncertainty, the letters also include an enclosure – a notarized lien dated *April 29, 2014*.

16.     Defendant's demand letters do not state the amount of the debt <u>as of</u> <u>the date of the letter</u> and instead (possibly) state the amount of the debt at some arbitrary prior point in time; therefore, they are inaccurate because *per diem* interest and other items have already accrued since then. *See generally, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). Moreover, the enclosed lien could not have been part of the debt calculation (as of either April 20, 2014 or April 28, 2014) as it was not notarized until April 29, 2014.

17.     Most troubling, the letters state that the alleged debt includes "$668.00 in attorney fees and costs, *including the attorney's fees and costs to record and satisfy the claim of lien*, as well as disburse your payment to our client." (emphasis added).

18.     Neither Defendant nor Defendant's client could have incurred fees and/or costs associated with satisfying the lien as of the date of the letter(s) - April 28, 2014. Moreover, the lien was not recorded until the next day, April 29, 2014; hence, the alleged recording fee did not incur as alleged on the date of the letter(s).

19.     Several federal courts have held that combining future attorney's fees with already-incurred fees violates the FDCPA. *See Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004) (attorney violated FDCPA by stating the amount of the debt as an estimate of future liability rather than as a statement of

4

the current amount of the debt); *Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003) ("[T]he 'amount of the debt' provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be.") (emphasis in original); *see also, Spencer v. Hendersen–Webb,* 81 F.Supp.2d 582, 591 (D. Md. 1999) (violation of FDCPA to collect attorney's fees that have not yet been incurred).

20.     The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985).

21.     Plaintiffs maintain that the least sophisticated consumer could *never* pay off the alleged debt *in toto* based upon the ambiguous verbiage in Defendant's dunning letter. Any attempt to pay off the debt would result in something akin to one of Zeno's paradoxes – i.e., attempting to pay off the debt would nearly always necessitate a second computation of the debt – consequently, the consumer could potentially incur additional legal fees for the extra work performed by Defendant law firm. *See Ocean Two Condominium Ass'n, Inc. v. Kliger*, 983 So.2d 739 (Fla. 3d DCA 2008) (noting that "[b]ecause the Association, its management company, and its attorney improperly rejected payments, we question whether such fees were ever earned in this case.").

22.    The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

23.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## <u>COUNT I – Sending Two Dunning Letters During 30-Day Validation Period</u>

24.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

25.    15 U.S.C. § 1692g(b) states in pertinent part, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

26.    The act of sending two dunning letters to Plaintiffs during the 30-day validation period (without further explanation) is inconsistent with Plaintiffs' rights to dispute the debt as each letter establishes a separate 30-day time frame in which to dispute the debt – in direct contravention of the FDCPA.

6

27.    By sending two demand letters to Plaintiffs within 30 days of one another, Defendant created an ambiguity with respect to the timeline to dispute, validate, and verify the alleged debt in violation of 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(10). *See generally, Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Ellis v. Solomon and Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir. 2010); *Spears v. Brennan*, 745 N.E.2d 862 (Ind. Ct. App. 2001).

28.    The act of sending multiple demand letters violates both 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e(10).

29.    As a result of Defendant's conduct, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

30.    Plaintiffs are also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiffs each request that this Court enter judgment in his favor and against Defendant for:

a. Statutory damages pursuant to 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

### COUNT II – Failure To Accurately State Amount Of The Debt

31.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

32.     Section 1692g(a)(1) requires a debt collector, under the circumstances enumerated therein, to send the consumer a written notice stating the amount of the debt.

33.     Defendant's letters, however, do not state the amount of the debt; the state an amount allegedly due eight days prior. Moreover, the so-called debt, as stated in the letter, includes future costs and legal work (on the part of Defendant).

34.     Defendant's demand letters fail to meet the legal standard with regard to the amount of the debt as pronounced by section 1692g(a)(1) of the FDCPA. Defendant's demand letters are therefore deceptive to the least sophisticated consumer and violate 15 U.S.C. § 1692g(a)(1) as well as 15 U.S.C. § 1692e(10).

35.     As a result of Defendant's conduct, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

36.     Plaintiffs are also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiffs each request that this Court enter judgment in his favor and against Defendant for:

   a. Statutory damages pursuant to 15 U.S.C. §1692k;

   b. Attorney's fees, litigation expenses and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

8

Plaintiff demands a trial by jury.


Dated: June 12, 2014


Respectfully submitted,

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiffs*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
     Scott D. Owens, Esq.